**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 3 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KIRBY YUVINY BARRIENTOS-GAVARRETE, | No. 20-71234 |
| Petitioner, | Agency No. A206-034-644 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 1, 2021**
Pasadena, California

Before: IKUTA, BENNETT, and R. NELSON, Circuit Judges.

Kirby Barrientos-Gavarrete, a native and citizen of Honduras, seeks review of

the decision of the Board of Immigration Appeals (BIA), which dismissed his

asylum, withholding of removal, and Convention Against Torture (CAT) claims.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252, and review legal questions de novo and the agency's factual findings for substantial evidence. *See Lezama-Garcia v. Holder*, 666 F.3d 518, 524–25 (9th Cir. 2011). We deny the petition in part and dismiss the petition in part.

Before the BIA, Barrientos-Gavarrete claimed membership in the following two social groups: "a person 'who has had a high[-]profile murder of a family member' and 'a person who joined the military to investigate the murder of a family member by the gangs.'" Before the Immigration Judge (IJ), Barrientos-Gavarrete alleged two different social groups: "threatened and actual victims of gang's criminal activities who refuse to acquiesce to their demands or to join them while publicly denouncing the gang's criminal activities" and "individuals who have had family members threatened in Honduras by gangs and fear retaliation because of their knowledge of the crime."[1]

Because the social groups claimed before the BIA "differ[ed] substantially" from the groups claimed before the IJ, the BIA held that those social groups were not properly before it and dismissed Barrientos-Gavarrete's claims. The BIA did not err when it declined to consider Barrientos-Gavarrete's proposed particular social groups that were raised for the first time on appeal to the BIA. *See Honcharov*

[1] The IJ held that these social groups were lacking in particularity and social distinction.

2

*v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (per curiam) ("[T]he Board does not *per se* err when it concludes that arguments raised for the first time on appeal do not have to be entertained."); *see also Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 190 (BIA 2018) ("We have long held that we generally will not consider an argument or claim that could have been, but was not, advanced before the Immigration Judge.").

As to the two social groups Barrientos-Gavarrete presented to the IJ, he did not raise his claims regarding those groups to the BIA, and we lack jurisdiction to consider such unexhausted claims. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004).[2] Finally, given that Barrientos-Gavarrete failed to address his CAT claim before the BIA, we lack jurisdiction to consider this claim. *Id.*

**Petition for review DENIED IN PART and DISMISSED IN PART.**

---

[2] Even if we were to liberally construe Barrientos-Gavarrete's pleadings as sufficient to have preserved his challenge to the social groups he alleged before the IJ and as sufficiently challenging the IJ's holding before us, we would deny his petition for review. The alleged social groups advanced before the IJ have no discrete definable boundaries nor is there any evidence in the record that shows that Honduras recognizes these social groups as socially distinct. *See Donchev v. Mukasey*, 553 F.3d 1206, 1215–16 (9th Cir. 2009).